**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DENNIS MILLS,

Plaintiff,

v. Case No. 8:25-cv-3023-KKM-GDP

WAWA, INC.,

Defendant.

---

# ORDER

Under Federal Rule of Civil Procedure 25(a), when a party dies, a motion for substitution must be made "within 90 days after service of a statement noting the death" or "the action . . . must be dismissed." On February 23, 2026, the plaintiff's counsel filed a suggestion of death for the plaintiff. *See* Suggestion of Death (Doc. 17). Since then, one hundred and ninety-eight days have passed. I previously granted the plaintiff's counsel multiple extensions to move to substitute under Rule 25, with the last deadline requiring a motion to substitute by September 4, 2026. *See* Order Granting Third Extension (Doc. 33). Yet the plaintiff's counsel fails to file a motion to substitute by that deadline.

Before I dismiss the action under Rule 25, I must first ensure that the ninety-day clock has, in fact, run. *See Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 872, 875 (11th Cir. 2022). To trigger the ninety-day countdown, "the party serving the suggestion of death must" first "identify the decedent's representative or successor[] and notify that party of the death and the lawsuit." *See id.* at 876; FED. R. CIV. P. 25(a)(3). "But when the decedent lacks a legal successor or representative" under state law, the ninety-day clock begins to run from the day the parties are first notified by the statement of death. *See Silas*, 55 F.4th at 876–77; *Powell v. United States*, 800 F. App'x 687, 705 (11th Cir. 2020) (affirming dismissal under Rule 25 where "by every indication [the deceased] had no representatives of his estate or successors").

And here, no representative or successor appears to exist for the deceased plaintiff under Florida law. *See* Third Motion for an Extension (Doc. 30) at 2 (explaining that "there are no potential beneficiaries of the estate who are eligible to serve as Personal Representative under the Florida Statute Section 733.303" and that no estate exists for the deceased plaintiff). So, the window to file a motion for substitution began to run on February 23, 2026, and—even with the three previous extensions—has now expired. *See Malhotra v. Kumar*, No. 25-13898, 2026 WL 2474635, at *2 (11th Cir. Aug. 24, 2026); *Powell*, 800 F. App'x at 705; Endorsed Order Granting Third Extension. I accordingly dismiss the action under Rule 25(a).

The following is therefore **ORDERED**:

1. The case is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 25.
2. The motion to amend the mediation order (Doc. 36) is **DENIED** as moot.
3. The Clerk is directed to **ENTER JUDGMENT**, which shall read "This action is dismissed without prejudice," **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on September 9, 2026.

Kathryn Kimball Mizelle

Kathryn Kimball Mizelle
United States District Judge